693 F.2d 817
 NATIONAL STEEL SERVICE CENTER, Appellee,
v.
William GIBBONS, Trustee of the Property of Chicago Rock
Island and Pacific Railroad Company, Appellant-Movant.
NATIONAL STEEL SERVICE CENTER, Appellant,
v.
William GIBBONS, Trustee of the Property of Chicago Rock
Island and Pacific Railroad Company, Appellee-Movant.
 Nos. 80-1410, 80-1452.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 26, 1982.
Decided Dec. 2, 1982.
 
 Robins, Zelle, Larson & Kaplan, Robert M. Wattson, David E. Bland, John C. Hart, Minneapolis, Minn., Davis, Hockenberg, Wine, Brown & Koehn, John A. Templer, Jr., Des Moines, Iowa, for Nat. Steel Service Center.
 O.L. Houts, Chicago, Ill., Bruce E. Johnson, Bennett A. Webster, Arthur E. Gamble, Michael R. Murphy, Gamble, Riepe, Burt, Webster & Davis, Des Moines, Iowa, for Gibbons.
 Before GIBSON, Senior Circuit Judge, and HEANEY and ARNOLD, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 This is a civil action brought by National Steel Service Center, Inc., (National Steel) against William Gibbons, the bankruptcy trustee of the Chicago, Rock Island and Pacific Railroad Company (Rock Island) for damages resulting from a train accident on September 1, 1975. On that date, the Rock Island operated a train along its right-of-way which consisted in part of eleven tank cars loaded with propane gas. The train derailed and four tank cars exploded, resulting in extensive damage to a warehouse owned by National Steel. National Steel sought recovery under theories of res ipsa loquitur, specific negligence, and strict liability.
 
 
 2
 At trial, the jury ruled in favor of the defendant on the res ipsa loquitur claim. The district court directed a verdict for the defendant on the specific negligence theory. The court entered a directed verdict for the plaintiff on the strict liability claim. In a special interrogatory, the jury found that National Steel suffered $443,623 in damages as a result of the explosion, and judgment was entered accordingly.
 
 
 3
 After judgment was entered, the Rock Island asked the district court to certify to the Iowa Supreme Court the question of whether the theory of strict liability was properly applied to this case. The district court denied the request.
 
 
 4
 On appeal, the Rock Island contended that the trial court erred in directing a verdict against it on the strict liability claim. National Steel argued that the trial court erred in directing a verdict in favor of Rock Island on National Steel's specific negligence claim and in failing to submit the issue of specific negligence to the jury on the res ipsa loquitur theory. The Rock Island renewed its request to certify to the Iowa Supreme Court the question of whether the theory of strict liability was properly applied in this case.
 
 
 5
 We granted the Rock Island's request to certify the strict liability issue to the Iowa Supreme Court. On May 19, 1982, that Court, sitting en banc, held that:
 
 
 6
 [T]he doctrine of strict liability for abnormally dangerous activities should be applied in the circumstances of this case. In so holding we do not overlook the Restatement position. [Restatement (Second) of Torts Secs. 519, 521 (1977).] We note, however, that we are committed to a broader application of the strict liability doctrine of Rylands v. Fletcher [3 H. & C. 774 (1865) ] than is reflected in the Restatement. We do not limit it to "ultrahazardous activity." See, e.g., Healey v. Citizens' Gas & Electric Co., 199 Iowa 82, 201 N.W. 118 (1924); cf. W. Prosser, The Law of Torts, supra, at 512 ("The Restatement of Torts has accepted the principle of Rylands v. Fletcher, but has limited it to an 'ultrahazardous activity' of the defendant ..."). Nor have we limited risk distribution analysis to the products liability field. See, e.g., Lubin [v. Iowa City], 257 Iowa at 391, 131 N.W.2d at 770. For the reasons expressed in this opinion, we decline to adopt the common carrier exception in Restatement (Second) of Torts, supra, section 521. Other Restatement provisions affecting the strict liability doctrine are not at issue here, and we do not pass on them.
 
 
 7
 National Steel Service Center v. Gibbons, 319 N.W.2d 269, 273 (Iowa 1982). We accept this statement of the Iowa law as binding on this Court.
 
 
 8
 Subsequent to the decision of the Iowa Supreme Court, the Rock Island filed supplementary briefs with this Court in which it contends that federal transportation law preempts the power of an Iowa state court to place liability without fault upon the trustee of an interstate rail carrier, who under the circumstances of this case has acted in conformity with federal and state regulations and without negligence.
 
 
 9
 We implicitly decided this question against the Rock Island when we agreed with the Rock Island that its liability hinged upon an unsettled question of state law and certified that question to the Iowa Supreme Court. We expressly affirm that determination now. See Chicago & Northwestern Transportation Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981); Southern Pacific Transportation Co. v. United States, 462 F.Supp. 1193 (E.D.Cal.1978). Having made this determination, it is unnecessary for us to consider whether there is merit to National Steel's remaining contentions.
 
 
 10
 Affirmed.